IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACKIE TROPPMAN, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>ALLSTATE VEHICLE AND<br>PROPERTY INSURANCE<br>COMPANY,<br><br>  Defendant. | Case No. 24-cv-00748-PRW |

## ORDER

Before the Court are Plaintiffs Jackie Troppman and Jodi Roberts's Motion to Compel the Attendance of Sade Jackson and Jade Lusk at Their Depositions (Dkt. 35); Defendant Allstate Vehicle and Property Insurance Company's Response in Opposition (Dkt. 38); and Plaintiffs' Reply (Dkt. 39). For the following reasons, the Court **DENIES** the Motion (Dkt. 35).

### *Background*

This discovery dispute arises from a breach-of-contract case pending in the Western District of Oklahoma. Troppman and Roberts submitted two insurance claims to Allstate after their home sustained wind and hail damage. During the inspection process, Allstate assigned claims adjusters Sade Jackson and Jade Lusk to evaluate Plaintiffs' case. Following the full investigation, Allstate allegedly failed to adequately compensate Plaintiffs for their home's damage, leading to this lawsuit.

1

Because Jackson and Lusk were involved in handling Plaintiffs' claims, Troppman and Roberts sought to depose both on August 18, 2025. Plaintiffs never subpoenaed the adjustors. Instead, Plaintiffs filed a Notice to Take Deposition for Jackson and Lusk after Allstate's counsel stated they would be representing both adjustors for the purpose of deposition. Although all attorneys were present, both Jackson and Lusk failed to appear on August 18. In response, Plaintiffs filed their Motion to Compel on November 12, 2025, in which they ask this Court to compel Jackson and Lusk to attend their deposition.[1]

### *Legal Standard*

The Federal Rules of Civil Procedure govern discovery disputes, including the failure of a party or a non-party to attend a deposition.[2] Rule 30(a) provides that a party may compel a person's attendance at a deposition by subpoena under Rule 45. Though Rule 30 does not say so explicitly, courts generally agree that filing a notice as described under subsection (b)(1) is sufficient to require a party or an officer, director, or managing agent of a party to attend a deposition.[3] Yet "a non-party may only be deposed via subpoena; notice is insufficient to compel a non-party's submission to a deposition."[4] Thus, without

---

[1] Plaintiffs also requested that the Court sanction Allstate. However, while the Motion was pending, Allstate agreed to pay Plaintiffs the fees and costs associated with the missed deposition and Plaintiffs have agreed to withdraw the request for sanctions.

[2] *See* Fed. R. Civ. P. 30(a), 45(g), 37(b).

[3] *Herron v. Progressive Car Finance, LLC*, No. CIV-22-638-SLP, 2023 WL 11762874, at *2 (W.D. Okla. Oct. 13, 2023).

[4] *Id.* (quoting *Livesay v. Nat'l Credit Sys., Inc.*, No. 4:22-CV-19-TLS-JEM, 2022 WL 17432341, at *2 (N.D. Ind. Dec. 5, 2022)).

a subpoena, a court does not have the authority to compel a non-party's deposition.[5] But if a valid subpoena was served, Rule 45 permits a court to impose contempt sanctions on non-parties when the subpoena is violated. Rule 37, on the other hand, generally governs the issuance of sanctions when a party fails to obey a discovery order.

## *Discussion*

Plaintiffs' motion focuses on whether courts have the authority under Rule 37 to order non-parties to attend depositions. Of importance, Plaintiffs request that the Court enter an order compelling Jackson and Lusk to appear at their depositions. To support the Motion, Plaintiffs rely on *Sali v. Corona Regional Medical Center*, where the Ninth Circuit upheld a district court order that directed the opposing party to secure the attendance of their own expert witness (a nonparty) at a deposition.[6]

Plaintiffs misapply the holding of *Sali*. Although the Ninth Circuit has interpreted Rule 37 to permit an order compelling "the *party* to use its best efforts to secure the nonparty's attendance at the deposition,"[7] this is not the relief Plaintiffs seek. Instead, Plaintiffs request an order compelling Jackson and Lusk themselves to attend the deposition, rather than an order compelling Defendant to secure Jackson and Lusk's attendance.[8] Plaintiffs point to no legal authority where a court has used Rule 37 to directly

---

[5] *Duncan Group, LLC v. Cimarex Energy Co.*, No. CIV-18-123-JD, 2020 WL 13682444, at *2 (W.D. Okla. Sept. 29, 2020) (collecting cases).

[6] *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1224–25 (9th Cir. 2018).

[7] *Id.* at 1224 (emphasis added).

[8] Mot. to Compel (Dkt. 35), at 10–11.

compel a non-party without using a party as the middleman. And this relief issue is especially problematic considering Plaintiffs have not subpoenaed Jackson or Lusk. Even in *Sali*, the Ninth Circuit wrote that "without a subpoena neither plaintiffs nor the court could have compelled [the nonparty expert witness] to appear at the deposition."[9] Therefore, while Plaintiffs may nominally invoke Rule 37, in effect they ask the Court to compel a non-party under Rule 45 without any of Rule 45's protection.

Finally, Plaintiffs argue that Jackson and Lusk did not need to be subpoenaed because they consented to only receiving notice of the deposition. Plaintiffs rely on dicta from a Northern District of Texas case to assert that "[a] party need not comply with Rule 45 and issue a subpoena if a non-party will consent to having his deposition taken by notice alone."[10] But Plaintiffs again do not cite any case where a district court actually ordered a non-party individual to attend a deposition without a subpoena. Accordingly, the Court finds no legal reason to depart from Rule 45's subpoena requirement as to Jackson and Lusk.

---

[9] *Sali*, 884 F.3d at 1224.

[10] *Morawski v. Farmers Tex. Cnty. Mut. Ins. Co.*, No. 3:14-mc-21-D-BN, 2014 WL 717170, at *1 (N.D. Tex. Feb. 25, 2014) (citing *Ulin v. Lovell's Antique Gallery*, No. C-09-03160 EDL, 2010 WL 2680761, at *2 (N.D. Cal. July 6, 2010)). In *Ulin*, the court limited the consent-waiver rule to depositions under Rule 30(b)(6), which covers subpoenas directed at organizations. *Ulin*, 2010 WL 2680761, at *2.

*Conclusion*

Because Plaintiffs did not first issue a subpoena, the Court **DENIES** the Motion to Compel (Dkt. 35).

**IT IS SO ORDERED** this 6th day of January 2026.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE